UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID SHUCHT, individually and on
behalf of any and all similarly situated
consumers,

                Plaintiffs,

v.

TRANSWORLD SYSTEMS, INC.,

                Defendant.

**Civil Action No. 1:10-cv-07759-LTS**

## DEFENDANT TRANSWORLD SYSTEMS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant, Transworld Systems, Inc. ("TSI"), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

### INTRODUCTION/PRELIMINARY STATEMENT

1.     TSI admits that plaintiff purports to bring an action for actual and statutory damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), but denies any and all damages, liability, and/or violations, to the extent alleged in ¶ 1 and further denies this matter is maintainable as a class action .

### PARTIES

2.     TSI denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

3.     TSI admits only that it has a place of business located at the address referenced in ¶ 3 and that as part of its business it provides debt collection services to third party clients.  Except as specifically admitted, the allegations in ¶ 3 are denied.

4.      TSI admits only that when it operates as a debt collector as defined by 15 U.S.C. § 1692(a)(6), that certain of its activities may be regulated by the FDCPA.  Except as specifically admitted, TSI denies the allegations in ¶ 4.

## JURISDICTION AND VENUE

5.      TSI admits the allegations in ¶ 5 for jurisdictional purposes only.

6.      TSI admits the allegations in ¶ 6 for venue purposes only.

## ALLEGATIONS FOR CLASS ACTION

7.      TSI admits plaintiff purports to bring this action as a class action, but denies it meets the requirements of Fed. R. Civ. P. 23.

8.      TSI denies the allegations in ¶ 8.

9.      TSI denies the allegations in ¶ 9.

10.     TSI denies the allegations in ¶ 10 as calling for a legal conclusion.

11.     TSI denies the allegations in ¶ 11.

12.     TSI denies the allegations in ¶ 12.

13.     TSI denies the allegations in ¶ 13.

14.     TSI denies the allegations in ¶ 14.

15.     TSI denies the allegations in ¶ 15.

16.     TSI denies the allegations in ¶ 16.

17.     TSI denies the allegations in ¶ 17.

18.     TSI denies the allegations in ¶ 18.

19.     TSI denies the allegations in ¶ 19.

## FACTUAL ALLEGATIONS

20.    TSI repeats its answers to the allegations in ¶¶ 1-19 as if same were set forth herein at length.

21.    TSI admits only that American Home Shield retained TSI to issue a series of collection notices regarding a debt owed by plaintiff.  Except as specifically admitted, the allegations in ¶ 21 are denied.

22.    TSI admits only that it commenced issuance of the letter series requested by American Home Shield.  Except as specifically admitted, the allegations in ¶ 22 are denied.

23.    TSI admits only that it sent to plaintiff on or about April 9, 2010 the letter referenced in ¶ 23 and that the referenced letter speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 23 state otherwise, they are denied.

24.    The April letter referenced in ¶ 24 speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 24 state otherwise, they are denied.

25.    TSI admits that the April letter was generated by a computer.  Except as specifically admitted, the allegations in ¶ 25 are denied.

26.    TSI denies that it violated any provisions of the FDCPA and states that the April letter speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 26 state otherwise, they are denied.

27.    TSI denies that it violated any provisions of the FDCPA and states that the April letter speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 27 state otherwise, they are denied.

28.     TSI denies that it violated any provisions of the FDCPA and states that the April letter speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 28 state otherwise, they are denied.

29.     TSI denies that it violated any provisions of the FDCPA and states that the April letter speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 29 state otherwise, they are denied.

30.     TSI denies that it violated any provisions of the FDCPA and states that the April letter speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 30 state otherwise, they are denied.

31.     TSI denies the allegations in ¶ 31.

32.     TSI denies that it violated any provisions of the FDCPA and states that the April letter speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 32 state otherwise, they are denied.

33.     TSI denies that it violated any provisions of the FDCPA and states that the April letter speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 33 state otherwise, they are denied.

34.     TSI admits only that it received from plaintiff's counsel the correspondence referenced in ¶ 34.  Except as specifically admitted, the allegations in ¶ 34 are denied.

35.     TSI admits only that it received from plaintiff's counsel the correspondence referenced in ¶ 35.  Except as specifically admitted, the allegations in ¶ 35 are denied.

36.     The allegations in ¶ 36 do not set forth an averment to which an answer is required of TSI.  To the extent an answer is required, TSI denies the allegations in ¶ 36.

37.     The allegations in ¶ 37 do not set forth an averment to which an answer is required of TSI.  To the extent an answer is required, TSI denies the allegations in ¶ 37.

38.     TSI denies the allegations in ¶ 38.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

39.     TSI repeats its answers to the allegations in ¶¶ 20-38 as if same were set forth herein at length.

40.     TSI denies the allegations in ¶ 40, including subparts (a) through (d).

41.     TSI denies the allegations in ¶ 41.

## DEMAND FOR A TRIAL BY JURY

42.     The allegations in ¶ 42 do not set forth an averment to which a response is required by TSI.

## PRAYER FOR RELIEF

TSI denies plaintiff is entitled to the relief sought.

AND NOW, in further Answer to the Complaint, Defendant Transworld Systems, Inc. avers as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against TSI upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established and in the event TSI is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona

fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Assuming plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of TSI, or for whom TSI is not responsible or liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails in whole or in part to satisfy the requirements for a class action.

## SIXTH AFFIRMATIVE DEFENSE

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

## SEVENTH AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint are barred by the applicable statute of limitations.

WHEREFORE, Defendant Transworld Systems, Inc. requests the Court dismiss this action with prejudice and grant it all further and necessary relief the Court deems appropriate.

Dated: November 9th, 2010

Kevin Barry McHugh
Law Offices of Edward Garfinkel
12 Metrotech Center, 28th Floor
Brooklyn, New York 11201
Telephone No.: (718) 250-1100
Facsimile No.: (718) 250-1168
Kevin.mchugh@chartisinsurance.com
Attorneys for Defendant
Transworld Systems, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 9th day of November, 2010, a copy of **Defendant Transworld Systems, Inc.'s Answer and Affirmative Defenses** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Allison D. Polesky, Esq. (5446)
Law Offices of Allison Polesky, P.C.
511 Avenue of the Americas, Suite 712
New York, NY 10011
Tel.: (866) 479-9500
Fax.: (866) 688-4300
consumerrightslawyer@gamil.com
Attorneys for Plaintiff

Kevin Barry McHugh
Attorney for Defendant
Transworld Systems, Inc.

\\sfnfs02\prolawdocs\9266\9266-26706\Shucht, David (CLASS ACTION)\266935.doc

8